UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-62390-BLOOM/Valle

UNION THEODORE BETHELL, V.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon a Motion for Summary Judgment filed by Plaintiff Union Theodore Bethell, V. ("Plaintiff"), ECF No. [37] ("Motion"). The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

**I. Background**

Plaintiff's claim against Defendant United States of America ("Defendant") stems from events that occurred on the night of March 13, 2015. Plaintiff is a commercial fisherman who was working with three other crewmembers on a fishing vessel, the "Joyce Lynn II," which is sixty-three (63) feet in length and weighs eighty-one (81) tons. *See* ECF Nos. [38] ¶ 3 ("Plaintiff's Facts"); [52] ("Defendant's Facts") ¶ 3; *see also* ECF No. [56] ("Plaintiff's Reply") ¶ 3 (collectively, "Undisputed Facts").[1] After a three-day voyage at sea, the Joyce Lynn II was returning to port with the day's catch. Sometime after 11:00 p.m., the Joyce Lynn II ran aground on a shoal near Port Everglades Inlet. Undisputed Facts ¶ 1. The parties dispute the exact

---

[1] Plaintiff's Reply to Defendant's Statement of Material Facts, ECF No. [56], also provides five additional facts and two general references—to a deposition and statement—unaddressed by Defendant.

location on the shoal where the Joyce Lynn II ran aground and the exact distance to shore.  *See* Plaintiff's Facts ¶ 1-2; Defendant's Facts ¶ 1-2.  At the time, there was a small craft advisory, and the observed weather conditions included winds out of the east/southeast at fifteen to twenty knots and six- to eight-foot waves.  *Id.* ¶¶ 4, 6.  There was a flood tide, as the most recent low tide at 8:34 p.m.  *See id.* ¶ 5.  At approximately 11:14 p.m., Union "Chip" Norman Bethell, IV, Plaintiff's father and the Captain of the Joyce Lynn II, called in a mayday.  *Id.* ¶ 7.  A United States Coast Guard ("Coast Guard") small boat SPC-LE 33127 ("the 33") was patrolling for boating under the influence violations, when it was redirected to respond to the mayday call from the Joyce Lynn II.  *Id.* ¶ 8.  That same evening, at 10:26 p.m., the 33 had already diverted from its patrol to investigate a report of a fifteen to twenty-foot boat run aground outside Port Everglades Inlet.  *Id.* ¶ 10.  At 10:45 p.m., the 33 determined that the boat was beached and did not require assistance.  *Id.*

The 33 arrived on-scene at the Joyce Lynn II at 11:21 p.m., and the crew reported seeing a vessel with its bow toward the shoreline.  *Id.* ¶ 17.  The parties dispute at what point the Joyce Lynn II began to drift toward the shore, but they agree that at some point after the 33 arrived at the scene, the wind and sea were pushing the boat toward the beach.  *Id.* ¶ 15.  Based upon the conditions observed, the 33 crew elected to attempt to transfer the Joyce Lynn II crewmembers from their vessel to the 33, by jumping one at a time between the boats.  *Id.* ¶ 19.  However, the parties dispute whether surf conditions were present in the area where the Joyce Lynn II ran aground.  Plaintiff's Facts ¶ 14; Plaintiff's Additional Facts ¶ 14; Defendant's Facts ¶ 14.  In order to effect the transfer of the Joyce Lynn II crewmembers, the 33 positioned its starboard bow alongside the stern of the Joyce Lynn II, which placed the 33 beam-to in the seas.  *Id.* ¶ 23.  In order to maintain station, the 33 had to reposition alongside the stern of the Joyce Lynn II.  *Id.*

¶ 22.  Plaintiff was third to be transferred to the 33 at approximately 11:27 p.m.  *Id.* ¶¶ 22, 25.  When Plaintiff jumped between the stern of the Joyce Lynn II and the starboard bow of the 33, he fell between the boats, and the lower half of his body was pinched between the two when they collided as a result of wave action.  *Id.* ¶¶ 24.  There were three fenders aboard the 33 that the Coast Guard did not use during the rescue transfer operation.  *Id.* ¶ 20.

With Plaintiff aboard, the 33 proceeded to the Fort Lauderdale Coast Guard station, where he was transported to Hollywood Memorial Hospital.  *See* ECF No. [47] ("Amended Complaint" or "Am. Compl.") ¶ 7.  Captain Bethell remained aboard the Joyce Lynn II, awaiting the arrival of a USCG 45' boat (the "45").  The 45 deployed at 11:31 p.m. to respond to the Joyce Lynn II, seventeen (17) minutes after Captain Bethell's mayday call.  Undisputed Facts ¶ 12.  Within approximately ten minutes after Plaintiff's accident, the Joyce Lynn II floated to shore, where Captain Bethell was able to disembark safely.  *Id.* ¶¶ 26-27.

As a result of the accident, Plaintiff sustained severe injuries to his groin, renal system, left buttocks and thigh, and various other parts of his body.  Am. Compl. ¶ 9.

**II. Legal Standard**

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations.  *See* Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party."  *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id.* (quoting

*Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence on the record supports the uncontroverted material facts that the movant has proposed. *See Reese v. Herbert*, 527 F.3d 1253, 1268-69,

1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### III. Discussion

Plaintiff moves for summary judgment on the basis that there is no genuine issue of material fact as to whether the Coast Guard was negligent in performing Plaintiff's rescue because the Coast Guard crew placed him in a more dangerous position than if they had not undertaken a rescue. Plaintiff concedes that if the material facts demonstrate that there was a risk of imminent death, he is not entitled to prevail on his Motion. Defendant argues that summary judgment is inappropriate because virtually every single fact spanning the search and rescue sequence is this case is disputed.

#### A. Plaintiff Fails to Establish a Duty Regarding the Decision to Rescue

Plaintiff's Motion conflates two different aspects of this case: first, whether the Coast Guard's decision to effect a rescue under the circumstances was negligent; and second, whether the Coast Guard's rescue efforts were negligent once the decision to undertake the rescue was made. Based upon Plaintiff's concession that he is not entitled to summary judgment if the record reflects that there was serious risk of injury or death, Plaintiff focuses his Motion upon the first aspect.

Pursuant to 14 U.S.C. § 88, the Coast Guard "may render aid to persons and protect and save property at any time and at any place at which Coast Guard facilities and personnel are available and can be effectively utilized." 14 U.S.C. § 88(b)(1). The Coast Guard, "in order to render aid to distressed persons, vessels, and aircraft," is further empowered to "perform any and all acts necessary to rescue and aid persons and protect and save property." 14 U.S.C. § 88 (a). The parties agree that, pursuant to the Good Samaritan Doctrine, the Coast Guard has no

mandatory duty to provide rescue, but when it voluntarily undertakes to do so, it is held to the same standard of care as a private person. *DFDS Seacruises (Bahamas) Ltd. v. United States*, 676 F. Supp. 1193, 1200 (S.D. Fla. 1987). Therefore, the applicable duty relates to the Coast Guard's efforts once the decision to undertake the rescue is made. In order for Defendant to be liable, the Coast Guard's rescue actions must have been negligent under the circumstances, and worsened Plaintiff's situation or the risk of harm. *Id*. at 1201.

However, Plaintiff fails to establish that the Coast Guard owes a duty to Plaintiff with respect to determining whether to undertake a rescue in the first place. None of the cases relied upon by Plaintiff support the proposition that such a duty exists. In fact, *DFDS Seacruises* states to the contrary that, "[i]t is well-settled that the Coast Guard's authority to provide such assistance is purely voluntary and permissive." 676 F. Supp. at 1200; *see also United States v. DeVane*, 306 F.2d 182, 186 (5th Cir. 1962). Plaintiff has, therefore, failed to carry his burden of demonstrating that such a duty exists.[2] Plaintiff's failure to establish a duty regarding the Coast Guard's decision to effectuate a rescue and his concession in his Motion are sufficient grounds upon which to deny summary judgment.

As a result, regardless of whether the Coast Guard believed that there was a risk of serious injury or imminent death, once the Coast Guard undertook to rescue the Joyce Lynn II crew, its efforts had to be reasonable and not worsen Plaintiff's position. Thus, the relevant

---

[2] Even assuming the case law supported the existence of a duty with respect to the decision to undertake a rescue, Plaintiff has not adequately pled it. In the Amended Complaint, Plaintiff alleges that Defendant breached its duty of reasonable care in at least nine enumerated circumstances related only to the Coast Guard's post-decision rescue efforts. *See* Am. Compl. ¶ 16a.-i. Any negligence claim with respect to the initial decision to effectuate a rescue therefore fails. *See Manley v. DeKalb Cnty., Ga.*, 587 F. App'x 507, 511 (11th Cir. 2014) ("a plaintiff may not add new claims to her complaint through an argument in a brief opposing a motion for summary judgment."); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (same).

inquiry with respect to the existence of disputed material facts must focus on the time after the Coast Guard undertook to rescue the Joyce Lynn II crew. The relevant issues are confused due to Plaintiff's attempt to assert a rescue-decision-related claim. Moreover, the Court notes that many of the facts claimed to be uncontested are lacking in specific reference to the record. As a result, the Plaintiff provides no basis upon which the Court may conclude that there are no genuine issues of material fact. "Judges are not like pigs, hunting for truffles buried in briefs." *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Posner, J.). "Likewise, district court judges are not required to ferret out delectable facts buried in a massive record." *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

### IV. Conclusion

Plaintiff's Motion fails to demonstrate the absence of a genuine issue of material fact with respect to the alleged negligence in the manner of his rescue, and summary judgment is inappropriate. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [37]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of October, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record